Copies mailed 9/4/20
Chambers of Judge Davison

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 9/4/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILANI,

                                    Plaintiff,

          - against -


TENEO, INC., ET AL.,

                                    Defendants.

**ORDER**

20 Civ. 1785 (CS)(PED)

PAUL E. DAVISON, U.S.M.J.:

Plaintiff *pro se* has filed a "Motion for Spoliation of Evidence and Severe Fines &

Sanctions Against Teneo, Inc." [Dkt. 70.][1]  The "Motion" is 56 pages in length,[2] and is

accompanied by a separate 31-page Declaration and several pages of Exhibits. [Dkt. 71.]   After

defendants filed a brief response [Dkt. 73], plaintiff filed additional "Reply" papers,

accompanied by additional exhibits. [Dkt. 77.] The Court heard argument on August 27, 2020.

After the hearing, at the Court's request, defense counsel provided a supplemental response.

[Dkt. 81.]  Familiarity with the record is assumed.  Plaintiff's motion is **DENIED**.

Briefly, spoliation is "the destruction or significant alteration of evidence, or the failure

---

[1]My Individual Practices require a pre-motion letter, limited to three pages, requesting a
pre-motion conference as a prerequisite to filing any motion.  Judge Seibel has a similar
requirement, and both of us also impose a 25 page limit on memoranda in support of motions.
Judge Seibel and the undersigned also adhere to (and refer readers of our Individual Practices to)
Local Civil Rule 37.2. which requires parties aggrieved by discovery-related matters to request
an informal conference with the Court before filing any discovery-related motion.  Plaintiff's
massive motion filing is therefore procedurally improper regardless of whose rules apply, and
regardless of whether the motion is deemed discovery-related or otherwise.

**Plaintiff is directed not to file any further motions without adhering to these pre-motion requirements and/or obtaining leave of the Court.**

[2]The ECF filing is 63 pages in length, but pages 57 -63 are blank.

to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107 (2d Cir. 2001). A party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim. *Id.* at 109. Fundamental to any spoliation claim is a showing by the movant that spoliation – destruction, alteration, or a failure to preserve – has in fact occurred.

Here, plaintiff recklessly accuses defendants (and defense counsel) of altering documents but fails to offer any convincing proof that defendants did so. For the most part – and although plaintiff's lengthy and repetitive argument is difficult to follow – plaintiff expounds upon his theory of the case and then asserts, *ipse dixit*, that performance reviews and other documents defendants have produced must have been fabricated or modified. Plaintiff's self-serving accusations and inductive conclusions are not an adequate substitute for proof that spoliation has occurred. *See El-Masri v. New Haven Corr. Ctr.*, 2019 U.S. Dist. LEXIS 209626 at * 35 (D. Conn. Dec. 5, 2019)(logical fallacy of demonstrating spoliation via inductive reasoning; copy mailed to plaintiff *pro se*).

With regard to plaintiff's Q2 2016-2017 Performance Review (October 1, 2016 – December 1, 2016), plaintiff's purported "smoking gun" demonstration of spoliation, defendant's reply persuasively demonstrates that plaintiff is relying on a draft performance review which was later modified, at plaintiff's request, in the final version produced by defendants. [Dkt. 75, pp 3-4, and Exhibits cited.]

The Court notes that the docket of this case has become cluttered with plaintiff's exaggerated, "Gotcha"-style accusations of misconduct. For example, on August 12, 2020, plaintiff filed a motion accusing a witness of perjury based on deposition testimony that an event occurred in January 2019 juxtaposed with an earlier affidavit in which the witness asserted that

the event occurred in "approximately February 2019." [Dkt. 67.]   Plaintiff is cautioned that,

although *pro se* litigants are entitled to some leeway from the Court, he is not "immune from

sanctions."  *Duke v. Ward*, 129 F.R.D. 478, 481 (S.D.N.Y. 1990).  In addition, plaintiff should

consider the fable of the Boy Who Cried Wolf.  By advancing frequent, baseless complaints,

plaintiff risks drowning out any legitimate grievances he may have.

Motion **DENIED**.  Clerk shall close Dkt. 70.

Dated: September 4, 2020
       White Plains, New York

SO ORDERED

Paul E. Davison, U.S.M.J.