UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ASAD GILANI,

        Plaintiff,

   - against -

TENEO, INC., *et al.*,

        Defendants.

------------------------------------------------------------------------x

**ORDER**

No. 20-CV-1785 (CS)

Seibel, J.

    Before the Court are the objections of Plaintiff Asad Gilani to two orders of Magistrate Judge Paul E. Davison: his October 8, 2020 ruling allowing Defendants to respond three days late to Plaintiff's requests to admit, (Doc. 114), and his October 8, 2020 denial of Plaintiff's motion to reconsider an earlier ruling, (Doc. 116). Familiarity with prior proceedings is presumed.

    A District Court may review non-dispositive matters decided by a Magistrate Judge and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "Discovery matters are generally considered non-dispositive of litigation." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007). The same is true of spoliation motions (unless dismissal is ordered). *See Dorchester Fin. Holdings Corp. v. Banco BRJ S.A.*, 304 F.R.D. 178, 180 (S.D.N.Y. 2014). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[A]n order is contrary to law when it fails to apply or misapplies relevant

statutes, case law or rules of procedure." *Equal Emp. Opportunity Comm'n v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y.2004) (internal quotation marks omitted). "[A] magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F.Supp.2d 169, 172 (E.D.N.Y. 2008). A magistrate judge's "rulings on discovery matters are entitled to substantial deference," and, therefore, "[t]he party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *U2 Home Entm't, Inc.*, 2007 WL 2327068, at *1.

The Magistrate Judge acted well within his discretion in accepting the responses to the requests to admit, given that there was no bad faith on Defendants' part but rather a calendaring error, and no prejudice to Plaintiff. Judge Davison also acted within his discretion in denying the motion for reconsideration without opinion. Nothing in the motion suggested that the Magistrate Judge had overlooked anything in his original ruling, or was persuasive in showing that spoliation had occurred or that sanctions were required. *See Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y 1999) ("To prevail on a motion for reconsideration . . . , the movant must present factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision" or "demonstrate the need to correct a clear error or prevent manifest injustice.") (internal quotation marks and alteration omitted). The summary denial made that clear without the Magistrate Judge having to articulate it. Given the amount of time Judge Davison is devoting to the endless disputes raised by Plaintiff, most of which are apparently meritless, (*see* Doc. 85 at 3 (Magistrate Judge cautioning Plaintiff that "[b]y advancing frequent, baseless complaints, plaintiff risks drowning out any legitimate grievances he may have")), denying the motion without further comment appears to be a wise allocation of resources.

Plaintiff has not provided controlling authority showing that the Magistrate Judge's decisions were contrary to law, nor do I have any conviction that an error has been committed. Accordingly, the objections are OVERRULED.[1]

**SO ORDERED.**

Dated: October 30, 2020
      White Plains, New York

                                          *Cathy Seibel*
                                     CATHY SEIBEL, U.S.D.J.

---

[1] Plaintiff has also submitted Doc. 124, to "bring to [my] attention" his complaints about the conduct of defense counsel during depositions. It does not seek any relief or challenge any decision of the Magistrate Judge. In addition, Plaintiff submitted Doc. 131, which likely was intended as a response to Defendants' opposition to the instant objections, (Doc. 130), but which says it is "for [my] information" and focuses on Plaintiff's disagreement with the contents of a performance appraisal from 2017. Plaintiff is directed not to make further submissions for my information or to advise me of matters that are not before me. That is not a good use of Plaintiff's or my time.