UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ASAD GILANI,

       Plaintiff,

  - against -

TENEO, INC., *et al.*,

       Defendants.

-------------------------------------------------------------------x

**ORDER**

No. 20-CV-1785 (CS)

Seibel, J.

    On January 18, 2022 I issued an order to show cause, (ECF No. 308), that arose from Plaintiff's submission in ECF No. 306 of a page that he falsely claimed was "missing" from his Second Amended Complaint, (ECF No. 94 ("SAC")), and Plaintiff's apparent insertion of the supposedly "missing" page into the paper copy of the SAC in the court file.  I ordered Plaintiff to show cause in writing, no later than January 25, 2022, why he attached a page to ECF No. 306 that is different from the original, why he tampered with the original paper copy, and why he should not be sanctioned under Federal Rule of Civil Procedure 11 or the Court's inherent authority for attempting to mislead the Court via this conduct.  (ECF No. 308.)  Plaintiff responded on January 19, 2022, (ECF NO. 309).

    In his response, Plaintiff appears to have doubled down on his misconduct, insisting that the seventh cause of action on page 43 of the SAC is the same as the seventh cause of action in his proposed SAC, (ECF No. 28), and the same as the page attached to ECF No. 306.  It plainly is not, as the SAC does not include the NYSHRL in the seventh cause of action, whereas the other two documents do.

Plaintiff further falsely claims that when he visited the Clerk's Office, he did not have physical control of the file. An individual in the Clerk's Office remembers clearly that on January 18, 2022, Plaintiff was provided with the three file jackets that comprise the paper file for this case, and that he said he only needed two of them, which he proceeded to review physically. Thereafter the false version of page 43 – the same as ECF No. 306 at 2 – was discovered to have been added to the paper copy of the SAC.

Plaintiff is correct that on summary judgment the Court, extending him special solicitude, treated that seventh cause of action as arising under the NYSHRL, which makes his effort to deceive all the more inexplicable. He is also correct that there is no apparent reason why he would have removed the NYSHRL from the seventh cause of action when he filed the SAC, but it is obvious he did so. He may have meant to include the NYSHRL on page 43 of the SAC, but that does not make it permissible to tamper with an original document or lie to the Court in an attempt to correct the mistake.

I will give Plaintiff one more chance to explain himself if he so desires. He may respond to this Order in writing no later than January 28, 2022. His submission may not exceed three pages, and he should not include arguments relating to the merits of his case.

3

In the meantime, as a precaution, Plaintiff may not examine the physical court file without making an appointment in advance, so that the Court can ensure that Clerk's Office personnel (currently a skeleton crew because of the pandemic) are available to supervise to ensure no further tampering.  Any request for an appointment should be emailed to chambersnysdseibel@nysd.uscourts.gov.

**SO ORDERED.**

Dated:  January 21, 2022
        White Plains, New York

                                            _____
                                            CATHY SEIBEL, U.S.D.J.