UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ASAD GILANI,

                                    Plaintiff,

            - against -

TENEO, INC., PIERS CAREY, RACHEL HEAD,
BRETT AYRES, STEVE EVANS, and TENEO
USA, INC.,

                                    Defendants.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 20-CV-1785 (CS)

Appearances:

Asad Gilani
Armonk, New York
*Pro Se Plaintiff*

Marc A. Campsen
Wright, Constable & Skeen, LLP
Baltimore, Maryland

Jane B. Jacobs
Klein Zelman Rothermel Jacobs & Schess LLP
New York, New York
*Counsel for Defendants*

Seibel, J.

Before the Court is Defendants' motion for attorneys' fees.  (ECF No. 326.)  For the

following reasons, the motion is DENIED.

I.      **BACKGROUND**

The Court presumes the parties' familiarity with the facts of this case, which are set forth

in detail in its August 4, 2021 Opinion and Order, (ECF No. 201 (the "8/4/21 Order")), and its

January 25, 2022 Opinion and Order, (ECF No. 313 (the "1/25/22 Order")).

Plaintiff, who was formerly employed at Defendant Teneo Inc., initiated this action on February 28, 2020, bringing federal and state discrimination claims on the bases of race, religion, national origin, and disability, and claims for retaliation, against Defendant Teneo.  (ECF No. 1 at 3.)  Plaintiff shortly thereafter amended his Complaint, adding Teneo's CEO Piers Carey as a defendant.  (*See* ECF No. 3.)  After Defendants Teneo and Carey answered, (ECF No. 10), Plaintiff sought leave to file a Second Amended Complaint ("SAC"), (ECF No. 26), which Magistrate Judge Paul E. Davison granted in part, (ECF No. 90).  Plaintiff filed his SAC, in which he added Vice President of Human Resources Rachel Head, Practice Lead Brett Ayres, Senior Vice President of Solutions Engineering Steve Evans, and Teneo USA, Inc. as defendants.  (ECF No. 94 ("SAC").)

On August 4, 2021, the Court granted Defendants' motion for summary judgment on all claims except Plaintiff's failure-to-accommodate claim under the Americans with Disabilities Act ("ADA") based on travel.  (8/4/21 Order.)  On August 19, 2021, Defendants requested leave to amend their Answer to include the affirmative defense that the failure-to-accommodate claim was time-barred, (ECF No. 209), and on November 23, 2021, the Court issued a bench ruling permitting Defendants to amend their Answer and set a briefing schedule for a second motion for summary judgment based on the anticipated amendment, (*see* Minute Entry dated Nov. 23, 2021).  After Defendants amended the Answer, (ECF No. 255), Defendants filed a second motion for summary judgment on December 3, 2021, arguing that Plaintiff's failure-to-accommodate claim was time-barred under the ADA, (ECF No. 263).  On January 25, 2022, the Court granted that motion.  (*See* 1/25/22 Order.)  On January 27, 2022, Plaintiff appealed the 8/4/21 and 1/25/22 Orders, as well as nine other rulings made during the course of the litigation. (ECF Nos. 319-321, 325.)

On February 8, 2022, Defendants filed their motion for attorneys' fees.  (*See* ECF Nos.

326-327.)  Thereafter Plaintiff filed his opposition, (ECF Nos. 328-329), and Defendants filed

their reply, (ECF No. 330).

## II.     DISCUSSION

Defendants move for attorneys' fees under the fee-shifting provisions of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k); the ADA, 42 U.S.C. § 12205; the New York

State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 297(10); and the New York City

Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-502(g).

Section 706(k) of Title VII provides that "[i]n any action . . . commenced under this

subchapter the court[,] . . . in its discretion, may allow the prevailing party . . . a reasonable

attorney's fee, including litigation expenses and costs."  42 U.S.C. § 2000e-5(k).  "Under the

ADA, the Court has the discretion to award attorney's fees, litigation expenses, and costs to the

prevailing party, in addition to the amounts routinely allowed in the bill of costs."  *Benson v.*

*Family Dollar Stores, Inc.*, No. 12-CV-1457, 2017 WL 11576214, at *2 (N.D.N.Y. Nov. 2,

2017).  Given the nearly identical language of the fee provisions of these two statutes, the

Second Circuit applies the same standard to both.  *See Parker v. Sony Pictures Entm't, Inc.*, 260

F.3d 100, 111 (2d Cir. 2001).[1]

While a prevailing plaintiff will typically be awarded attorneys' fees as a matter of course

under these provisions, prevailing defendants must show that the plaintiff's "claim was frivolous,

---

[1] Additionally, given "[t]he Title VII and NYCHRL provisions are substantively and
textually similar[,] . . . the reasonableness of fees is analyzed the same regardless of which
provision provides the basis for recovery." *Villalta v. JS Barkats, P.L.L.C.*, No. 16-CV-2772,
2021 WL 2458699, at *20 (S.D.N.Y. Apr. 16, 2021) (cleaned up).  And courts in this Circuit
analyze fee applications under Title VII and the NYSHRL concurrently. *See, e.g., Knox v. John
Varvatos Enters. Inc.*, 520 F. Supp. 3d 331, 338 (S.D.N.Y. 2021); *Krause v. Kelahan*, No. 17-
CV-1045, 2022 WL 306365, at *1 (N.D.N.Y. Feb. 2, 2022).

unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417, 422 (1978).  Courts must apply these

"limitations . . . with special force in actions initiated by uncounseled [plaintiffs]," and

"attorney's fees should rarely be awarded against such plaintiffs."  *Hughes v. Rowe*, 449 U.S. 5,

15 (1980) (*per curiam*); *see, e.g.*, *Toro v. Depository Trust Co.*, No. 97-CV-5383, 1997 WL

752729, at *5 (S.D.N.Y. Dec. 4, 1997) ("Adhering to the general reluctance of courts to impose

sanctions against a pro se plaintiff, I decline to award attorneys' fees to defendants."); *Edwards*

*v. Barclays Service Corp.*, No. 19-CV-9326, 2020 WL 3446870, at *5 (S.D.N.Y. June 24, 2020)

("[W]e are mindful that attorney's fees should only rarely be awarded against plaintiffs

proceeding *pro se* . . . .") (cleaned up).

A claim may be "frivolous, unreasonable, or groundless" even if not brought in

"subjective bad faith."  *Christiansburg*, 434 U.S. at 421-22.  But a defendant's "burden of

establishing that a claim was 'frivolous, unreasonable, or groundless' or clearly meritless is a

heavy one, and 'it is very rare that victorious defendants in civil rights cases will recover

attorneys' fees.'"  *Fleming v. MaxMara USA, Inc.*, No. 06-CV-6357, 2010 WL 1629705, at *8

(E.D.N.Y. Apr. 21, 2010) (quoting *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir.

2004)); *see Hughes*, 449 U.S. at 14 ("[T]he plaintiff's action must be meritless in the sense that it

is groundless or without foundation.").  As such, the mere assertion of a losing argument does

not satisfy the *Christiansburg* standard.  *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 770

(2d Cir. 1998) ("'[T]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient

justification for the assessment of fees' in favor of the defendant.") (quoting *Hughes*, 449 U.S. at

14); *Nardoni v. City of N.Y.*, No. 17-CV-2695, 2019 WL 542349, at *7 (S.D.N.Y. Feb. 12, 2019)

("After examining the evidence in this case, we believe that there was an objectively reasonable

basis – even if it was unmeritorious – to make such an argument."), *report and recommendation*

*adopted*, 2019 WL 952333 (S.D.N.Y. Feb. 27, 2019).

Here, Plaintiff undoubtedly submitted illogical, nearly incomprehensible, time-consuming and frivolous motions and papers, including several meritless discovery disputes, (ECF Nos. 31, 47, 50, 66-67, 70-71, 83, 88, 104-105, 124, 131), a motion to disqualify me, (ECF No. 221), a writ of mandamus to the Second Circuit, *see In re Asad Gilani*, No. 21-2714 (2d Cir.), a motion asserting that Defendants were attempting to delay trial, (ECF No. 245), and motions for reconsideration, (ECF Nos. 86-87, 272).  He filed confusing and disorganized papers, seems to have manufactured affidavits on behalf of his wife and others, (*see, e.g.*, ECF Nos. 288-293, 295-296), and attached to filings documents he had never turned over in discovery, (*see* 8/24/21 Order at 54 n.34; ECF Nos. 217-218, 289).  Plaintiff consistently failed to follow proper procedures and made unreasonable requests, and was reprimanded several times for frivolous filings or other impropriety.  (*See, e.g.*, ECF Nos. 29, 169, 177, 196, 223, 244, 247, 271, 273, 281, 308, 310.)  Plaintiff's conduct certainly substantially and unreasonably increased the costs of litigation for Defendants.  (*See* ECF No. 327 ("Ds' Mem.") at 2.)

> But
>
> while tactics such as increasing the cost of the litigation through delay, obstructionism and duplicative and excessive motion practice would undoubtably be relevant to consideration of the amount of any fee award, they are not relevant to whether a fee award is warranted in the first instance, and there is no support for the proposition that a court may consider this conduct in determining whether a suit is frivolous.

*Jenkins v. Eaton*, No. 08-CV-713, 2010 WL 3861050, at *4 (E.D.N.Y. Aug. 25, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3842412 (E.D.N.Y. Sept. 28, 2010).

Defendants fail to show that Plaintiff's claims on their own were necessarily "frivolous, unreasonable, or groundless."  And they fail to point to any similar cases where fees were awarded against a *pro se* litigant.  Although the Court denied some of Plaintiff's motions as

frivolous – including his motion to disqualify me, (ECF No. 223), his applications seeking

sanctions based on a filing error, (ECF No. 244), and his motion accusing Defendants of

improperly delaying trial, (ECF No. 247) – these did not involve the merits of his discrimination

and retaliation claims but are simply examples of him wasting the Court's time.  That is

insufficient to support a finding that his claims themselves were frivolous, unreasonable, or

groundless, especially given his *pro se* status.

It was not until Defendants' first motion for summary judgment that the majority of

Plaintiff's claims were dismissed.  Although the Court found that Plaintiff "failed [to] make even

a minimal showing of circumstances that could give rise to an inference of discrimination based

on membership in a protected class," (8/4/21 Order at 25), that "none of the incidents of alleged

disparate treatment affected the terms or conditions of Plaintiff's employment," (*id.* at 40), and

that Plaintiff often supported his assertions with no more than his own subjective beliefs, (*id.* at

39, 44), that his claims were meritless does not mean they were frivolous, unreasonable, or

groundless.  *See, e.g.*, *Kroemer v. Tantillo*, No. 17-CV-67, 2017 WL 6409147, at *8 (W.D.N.Y.

June 16, 2017) ("[A]lthough the court has concluded that [plaintiff's] claims against [defendant]

are meritless, it does not find them frivolous or so groundless as to warrant a fee award."), *aff'd*,

758 F. App'x 84 (2d Cir. 2018).  Rather, that Plaintiff failed to make a sufficient showing to

support his claims after discovery simply demonstrates that on the undisputed facts, his claims

failed as a matter of law.

Defendants argue that the deficiencies in Plaintiff's claims were known to him prior to

the lawsuit or "at the latest, at the conclusion of the initial discovery deadline."  (ECF No. 330

("Ds' Reply") at 1.)  I do not find record support that Plaintiff knew before his lawsuit, or at the

end of discovery, that his claims were deficient.  But "[e]ven when the law or the facts appear

questionable or unfavorable at the outset, a party may have an entirely reasonable ground for

bringing suit." *See Christiansburg*, 434 U.S. at 422.  Especially as a *pro se* litigant, Plaintiff

"should not be punished for his failure to recognize subtle factual or legal deficiencies in his

claims." *Person v. White*, No. 09-CV-3920, 2010 WL 2723210, at *6 (E.D.N.Y. July 2, 2010).[2]

Of all of Plaintiff's antics, the most questionable were his attempts to manufacture issues

of fact on the second summary judgment motion through his own declaration, (ECF No. 295);

declarations from family members, including his wife, (ECF Nos. 288-293); and "corrections" to

his medical record by physicians who had treated him during the time relevant to his claims,

(ECF Nos. 289-15, 289-35).  After reviewing Plaintiff's declaration along with his wife's, and

comparing the assertions in those documents to his deposition testimony, it was obvious to the

Court that Plaintiff was trying to manufacture fact issues to survive summary judgment.

(1/25/22 Order at 19-23.)  Likewise, the Court detailed Plaintiff's transparent attempt to retrofit

his medical history in a manner he thought would help him on the motion.  (*Id.* at 4 n.9.)  But

this conduct, while unscrupulous and worthy of condemnation, does not support the conclusion

that his claims themselves were frivolous, unreasonable, or groundless, or that Plaintiff

continued to litigate after it became clear the claims were so.  One could argue that if Plaintiff

---

[2] There have been instances where, despite a plaintiff appearing *pro se*, the Court found his experience in pursuing similar claims relevant in determining whether to grant the defendants' request for attorneys' fees. *See, e.g., David v. Apfel, Levy, Zlotnick & Co.*, No. 91-CV-3384, 1994 WL 532745, at *2 (S.D.N.Y. Sept. 29, 1994).  But even in those cases, the Court still found that the plaintiff's claims themselves were frivolous, unreasonable, or groundless. *See id.* at *1.  Here, even though Plaintiff has previously brought an employment discrimination case in this Court, *see Gilani v. Hewlett-Packard Co.*, No. 15-CV-5609, 2018 WL 4374002 (S.D.N.Y. Sept. 12, 2018), that does not reduce Defendants' burden to show that Plaintiff's claim was frivolous, unreasonable, or groundless, and in any event that case involved different facts and litigation of different legal questions.

believed in the merit of his position, he would not have tried to cheat, but it does not necessarily

follow that because Plaintiff was dishonest in his opposition, his claims were frivolous.

Plaintiff also attempted to doctor his SAC while the second summary judgment motion

was pending.  He submitted a letter stating that, "[o]n physical inspection," a page that included

a NYSHRL claim was missing from his SAC, and attached the allegedly missing page.  (ECF

No. 306.)  The docketed version of the SAC was not missing a page, (*see* SAC), and the physical

copy on file with the Clerk of the Court was also not incomplete, (ECF No. 308).  Comparing the

missing page and page 43 of the SAC revealed that Plaintiff had added material to the alleged

missing page, including "NYSHRL" to the caption of one of his causes of action and to a

paragraph within it.  (*See* ECF No. 306 at 2).  It became obvious to the Court that Plaintiff added

his false page to the SAC but also left the original in place.  (*See* ECF No. 308.)  He failed to

show cause as to why he tampered with the SAC, and included false statements in attempting to

minimize his actions.  (ECF Nos. 309-310.)  This behavior was likewise dishonest and

reprehensible, but it again does not show that the underlying claims were frivolous.[3]

In short, although Plaintiff's claims were indeed "very weak" and often the Court found

that they were only supported by his subjective belief – which of course is insufficient, *see*

*Firgeleski v. Hubbell, Inc.*, 63 F. Supp. 2d 195, 197 (D. Conn. 1999) ("An employee's subjective

belief that he was discriminated against is insufficient to support a discrimination claim."), *aff'd*,

---

[3] Plaintiff also had an exasperating habit of attempting to relitigate issues that were
already decided or irrelevant to the matter at hand.  *See, e.g.*, Minute Entry dated Nov. 23, 2021.
Indeed, Defendants are correct that Plaintiff does so in his opposition to the instant motion,
spending most of his time making arguments the Court has already rejected, complaining about
his other lawsuit, and discussing irrelevant statutes and settlement discussions.  (Ds' Reply at 1;
*see* ECF No. 328.)  But that he makes irrelevant or improper arguments does not show that his
claims were frivolous or otherwise convince me that sanctions are appropriate.

213 F.3d 626 (2d Cir. 2000) – the Court finds they were "not so frivolous as to warrant an award of attorney's fees," *Sista*, 445 F.3d at 178.

That is not to say, however, that I do not completely understand, and share, Defendants' frustration in dealing with Plaintiff. He submissions were not simply disorganized, confusing, tangential, and sometimes incomprehensible; on occasion they were downright dishonest. But those facts are not the standard under the fee-shifting provisions pursuant to which Defendants have moved. Plaintiff's claims lacked merit, but he – like other plaintiffs, both *pro se* and counseled – succumbed to the "fallacy" that "I belong to a protected class; something bad happened to me at work; therefore, it must have occurred because I belong to a protected class." *Varughese v. Mount Sinai Med. Ctr.*, No. 12-CV-8812, 2015 WL 1499618, at *42 (S.D.N.Y. Mar. 27, 2015), *aff'd*, 693 F. App'x 41 (2d Cir. 2017) (summary order). That common misconception is not enough to render the claims frivolous, unreasonable or groundless as those terms have been interpreted in the context of fee awards for prevailing defendants, and Plaintiff's deceitful or otherwise improper tactics do not change that fact.

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion for fees is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion. (ECF No. 326.)

**SO ORDERED.**

Dated:  September 30, 2022
         White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.